UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

ANDREW WINSTON,                      )
                                     )
    Plaintiff,                       )
                                     )
    v.                               )     16-CV-4004
                                     )
TODD S. MOODY,                       )
                                     )
    Defendants.                      )
                                     )

**OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.[2]

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C.

§ 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff's complaint is somewhat difficult to decipher, but Plaintiff clearly alleges Therapist Defendant Moody has retaliated against him for a previous lawsuit and "grievances." (Comp., p. 2). Specifically, Plaintiff says Defendant Moody wrote a false incident report on November 23, 2015, claiming Plaintiff had not completed his "tactic group" session. (Comp., p. 5). The hearing committee ultimately dismissed the claim. Plaintiff also alleges Defendant Moody retaliated when he refused to move Plaintiff to another therapist's caseload which allowed Moody to continue to put negative and damaging comments in Plaintiff's casefile.

Plaintiff alleges Defendant Moody has also violated his privacy and First Amendment rights due to Moody's refusal to move Plaintiff to a new therapist. Plaintiff says he has the "right to be left alone" and "eliminate everything, person that is not supportive or that is not elevating and constructive, and the right to choose who he confides in or talks to…" (Comp, p. 7).

## ANALYSIS

Plaintiff has adequately alleged Defendant Moody violated his First Amendment rights when he retaliated against Plaintiff for his previous grievances and lawsuit.  Specifically, Moody wrote a false disciplinary ticket and refused to reassign Plaintiff to a new therapist to allow the Defendant to continue to write damaging comments in Plaintiff's casefile.

However, the Plaintiff has not clearly stated any other First Amendment or other constitutional violation based on his allegations. Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq.*  Plaintiff does not allege he was denied medical or mental health care, and

Plaintiff does not have a constitutional right to choose a particular therapist or counselor.

## MOTION TO CONSOLIDATE

Plaintiff has also filed a motion asking the Court to consolidate this case with his other pending lawsuit, *Winston v. Jackson*, Case No. 15-3126 (herein "Case 15-3126").  Plaintiff says Moody is named as a Defendant in both actions.[6]  The Federal Rules of Civil Procedure allows the Court to consider consolidating cases if they involve a "common question of law or fact." Fed.R.Civ.P 42(a).

The Plaintiff has one surviving claim in Case No. 15-3126 alleging Defendant Moody and Defendant Sharlene Caraway violated his Fourteenth Amendment right when they were deliberately indifferent to a serious medical condition.  Plaintiff claimed the two Defendants "failed to conduct an appropriate treatment assessment prior to placing Plaintiff into his assigned treatment group," and showed a "lack of concern regarding Plaintiff's treatment plan, and, therefore, are depriving Plaintiff of necessary treatment to aid his rehabilitation." October 5, 2015 Opinion, p. 3.  The time period of Plaintiff's allegations is not entirely clear, but he filed his complaint in Case No. 15-3126 on

April 29, 2015.  Discovery has already begun and is scheduled to end on July 15, 2016. *See* Case No 15-3126, August 15, 2015 Scheduling Order.

Although the Plaintiff's claims involve one of the same Defendants, the two cases do not involve the same time period, facts, or issues of law.  In addition, the Defendants have not been served in this case, and Case No 15-3126 is already in the discovery period.  Therefore, the motion is denied.[6]

**IT IS ORDERED:**

1.   Plaintiff's petition to proceed in forma pauperis is granted [2].  Pursuant to a review of the Complaint, the Court finds that Plaintiff alleges Defendant Todd S. Moody violated his First Amendment right when he retaliated against Plaintiff by writing a false disciplinary ticket and refusing to reassign Plaintiff to another therapist's caseload so Moody could continue to write negative comments in the casefile.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.  This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for the Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3.  The Court will attempt service on Defendant by sending each Defendant a waiver of service. Defendant has 60 days from the date the waiver of service is sent to file an Answer. If Defendant has not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendant, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4.  With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used

only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5.    Defendant shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    6.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    7.    Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED: May 26, 2016

FOR THE COURT:                    s/ Sue E. Myerscough

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE